**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Juan Colon Jr.<br>Mary Ellen Colon<br><div align="center">Debtors</div> | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, as trustee for Upland Mortgage Loan Trust B<br><div align="center">Movant</div><br>vs. | NO. 19-14987 AMC |
| Juan Colon Jr.<br>Mary Ellen Colon<br><div align="center">Debtors</div> | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br><div align="center">Trustee</div> | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through March 2021.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due April 1, 2021 in the amount of $1,118.94, which represents one monthly payment in the amount of $1,462.20, less a suspense balance of $343.26.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date:   March 29, 2021                                  By: */s/ Rebecca A. Solarz, Esquire*
                                                                              Attorney for Movant

Date: *April 6, 2021*                                   */s/ David M. Offen, Esquire*
                                                                              David M. Offen, Esquire
                                                                              Attorney for Debtors

*\*No objection to its terms, without prejudice to any of our rights and remedies*

Date: *April 6, 2021*                                   */s/ Jack Miller, Esquire, for\**
                                                                              William C. Miller, Esquire
                                                                              Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2021. However, the court retains discretion regarding entry of any further order.

**Date: April 7, 2021**

_____
Bankruptcy Judge